IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DAVID MINCH,  )
                                    ) CA No. 15-303
    Plaintiff,  )
                                    )
V.

CAROLYN COLVIN,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff, proceeding pro se, filed for disability benefits pursuant to Title II and Title XVI of the Social Security Act, claiming disability due to mental and physical impairments. Plaintiff's claims were denied initially, and upon hearing. By Opinion and Order dated March 13, 2014, W.D. Pa. C.A. 13-594 ("March 13 Opinion"), the matter was remanded in order for the ALJ to consider whether further investigation was required regarding Plaintiff's back pain. The ALJ held another hearing, and issued a second decision denying Plaintiff's claims. This appeal followed, and now before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.[1]

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the

---

[1] Plaintiff is currently incarcerated, after being convicted of first degree murder on November 15, 2013

1

court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Finally, a pro se litigant is entitled to have his submissions liberally construed, and I have considered this matter accordingly. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II. PLAINTIFF'S MOTION

Because my March 13 Opinion recounted the background of this matter, today's discussion will be brief. In that Opinion, I remanded the matter "[i]n an abundance of caution," in order to "address whether further investigation is required…and to conduct, obtain, or facilitate such investigation if appropriate." Thus, the matter was remanded solely to "ensure complete development of the record as it pertains to Plaintiff's back pain."

Presently, Plaintiff raises several challenges to the ALJ's decision, including the lack of additional consultative examination, the application of improper criteria, and improper treatment

of Plaintiff's activities of daily living, credibility, and treatment record. He also disputes the ALJ's treatment of the medical assessments of record. I have carefully reviewed the prior proceedings in this matter, the entirety of Plaintiff's Brief and attachments thereto, and the entire record. Accepting the bulk of Plaintiff's arguments, at this juncture, would require an impermissible re-weighing of the evidence. In terms of the ALJ's failure to obtain a consultative examination due to Plaintiff's incarceration, I note that the ALJ conducted adequate further investigation, and considered additional evidence. Accordingly, at this juncture, the "further investigation" referred to in my March 13 Opinion has been accomplished. "Mere speculation that additional evidence might have made a difference does not suffice." Burgette v. Colvin, 2013 U.S. Dist. LEXIS 99364 (W.D. La. June 25, 2013). Moreover, the ALJ adequately explained the reasons for the weight afforded the medical opinion of record. "The ALJ is entitled to determine the worth of the available medical opinions, so long as he explains his reason for doing so." Bang v. Colvin, 2014 U.S. Dist. LEXIS 101581, at *16 (E.D. Pa. July 25, 2014). My conclusion in that regard encompasses Plaintiff's arguments regarding SSR 83-10. There are no grounds for concluding that the ALJ either failed to comply with this Court's Order on remand, or that the decision under appeal is not properly supported.

## CONCLUSION

In conclusion, the ALJ's decision is supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 6th day of October, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court